IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00628-ZLW

URSULA L. BROWN,

    Plaintiff,

v.

DENVER WOMEN'S CORRECTIONAL FACILITY,
SGT. BALDWIN,
CPT. BURR,
C/O RAZO,
C/O DAWES, and
DR. RAZZIGI,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 29 2005

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Ursula L. Brown submitted a letter to the Court on August 12, 2005, asking the Court to reverse the Order and Judgment of Dismissal entered on June 30, 2005, and filed on July 1, 2005. The Court must construe the letter liberally because Ms. Brown is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe Ms. Brown's letter as a motion to reconsider filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and will deny the motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Ms. Brown's letter, which was filed more than ten days after the Court's July 1, 2005, Order and Judgment of Dismissal, will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant Prisoner Complaint and the action without prejudice for Plaintiff's failure within the time allowed to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step administrative grievance procedure. The Court's reasoning for the dismissal is discussed in detail in the July 1, 2005, Order and Judgment of Dismissal.

In the August 12, 2005, letter, Ms. Brown alleges that she only received the proper form on which to file the amended complaint on June 8, 2005, after she mailed a letter on May 25, 2005, requesting the Prisoner Complaint form. She further alleges that on June 14, 2005, she mailed the amended Prisoner Complaint to the Court. However, a review of the docketing records in this case does not reveal a docket entry showing the Court's receipt of either the May 25 letter or the Prisoner Complaint Ms. Brown contends she mailed on June 14.

The Court finds that Ms. Brown fails to present any extraordinary circumstances that would justify relief pursuant to Fed. R. Civ. P. 60(b). The Court, therefore, finds no

reason why it should reconsider and vacate the decision to deny the complaint and dismiss the action. Ms. Brown should note that the complaint and the action were dismissed without prejudice. If Ms. Brown so chooses, she may initiate a new action raising her claims. Accordingly, it is

ORDERED that the letter filed on August 12, 2005, which the Court has construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this _26_ day of ___Aug.___, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00628-ZLW

Ursula Brown
Prisoner No. 118360
DWCF – Unit 4
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/29/05

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk